# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: March 29, 2019
(**Not to be published**)

| | | |
|---|---|---|
| HEATHER GOFF, | * | |
| | * | No. 17-0259V |
| Petitioner, | * | |
| v. | * | Special Master Oler |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Duplicative Billing; |
| | * | Administrative Tasks; Expert Costs. |
| Respondent. | * | |

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On February 23, 2017, Heather Goff ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she suffered from an ischemic stroke as a result of her receipt of an influenza ("flu") vaccination on March 22, 2016. *See* Petition ("Pet."), ECF No. 1.  Petitioner now requests an award of interim attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

1

## I. The Instant Motion

On September 14, 2018, Petitioner filed an application for interim attorneys' fees and costs ("Interim Motion"), requesting $25,597.50 in attorneys' fees for her counsel of record, Andrew D. Downing of Van Cott & Talamante, PLLC ("VCT"), and $17,758.22 in attorneys' costs, for a total of $43,355.72. *See* Interim Motion, ECF No. 34 at 1; *see also* Ex. A at 28, 34, attached as ECF No. 34-1 (hereinafter referred to as "Ex. A").[3] A review of the Interim Motion does not reflect that Petitioner herself has borne any out-of-pocket expenses up to this point in the litigation. *See generally* Interim Motion.

Respondent filed a response to Petitioner's Interim Motion on September 20, 2018. Respondent's Response, ECF No. 35. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds that he "leaves it to the discretion of the Special Master to determine whether the statutory and other legal requirements for an interim award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, he "respectfully recommends that [I] exercise [my] discretion and determine a reasonable award" for interim attorneys' fees and costs. *Id.* at 3.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's Interim Motion, awarding **$22,571.10** in attorneys' fees and **$13,718.22** in costs, for a total of **$36,289.32**.

## II. Legal Standard for Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). The Federal Circuit has stated, "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. However, *Avera* did not exclusively define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2013 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible

---

[3] In the Interim Motion, Petitioner requested attorneys' fees and costs totaling $40,748.92. Interim Motion at 4. I note that this amount is not the correct summation of the requested attorneys' fees and attorneys' costs, as listed in the Interim Motion and as invoiced in the billing logs. *See* Interim Motion at 4; *See also* Ex. A at 28, 34.

2

balancing test. *Avera*, 515 F.3d at 1352; *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). By the time an entitlement hearing may be scheduled in this case, Petitioner, and her counsel, will have been litigating this claim for more than two years. Thus, I find it reasonable to award interim attorneys' fees and costs at this juncture to avoid undue hardship for Petitioner's counsel.

### III. Reasonable Attorneys' Fees

If interim fees are deemed appropriate, a petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner brought his/her petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods*, 105 Fed. Cl. at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). Respondent did not raise any objection to the good faith or reasonable basis for the claim. I find the petition was filed in good faith and with a reasonable basis. As there is no other reason to deny the award of interim fees and costs, I will award Petitioner's reasonable interim attorneys' fees and costs in this instant decision.

While Respondent did not contest the billing rate or specific entries, the special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 303 (2008), *aff'd*, No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

#### A. Requested Hourly Rates

Petitioner requests compensation for her attorney, Mr. Andrew Downing. Petitioner requests the following hourly rates for work performed by Mr. Downing from 2016 to 2018:

|      | **Mr. Downing** |
|------|-----------------|
| **2016** | $350.00      |
| **2017** | $375.00      |
| **2018** | $385.00      |

Petitioner also requests that paralegals of VCT, Ms. Danielle P. Avery ("Ms. Avery" or "DPA") and Mr. Robert W. Cain ("Mr. Cain" or "RWC"), be compensated for work performed from 2016-2018 at rates varying from $100.00 per hour to $135.00 per hour, based on the year and the individual paralegal. *See* Ex. A at 34.

3

### B. Hourly Rates Awarded

#### i. Mr. Downing

Mr. Downing's requested hourly rates for work performed between 2016-2017 have been previously found to be reasonable by Special Master Gowen in his reasoned decision, *Bales, on behalf of J.B.A. v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). Given that the hourly rates discussed in that case have been awarded on numerous occasions, these identical rates for 2016-2017 will be awarded in full in this instant application. *See Bognar v. Sec'y of Health & Human Servs.*, No. 16-726V, 2017 WL 1376437 (Fed. Cl. Spec. Mstr. Mar. 22, 2017); *Semanisin v. Sec'y of Health & Human Servs.*, No. 15-1395V, 2017 WL 1398567 (Fed. Cl. Spec. Mstr. Mar. 21, 2017). Mr. Downing's request for an increase in his hourly rate for 2018 also appears to be reasonable and has been awarded by this Court in several instances. *See Nicholas Zumwalt, on behalf of his minor child, L.Z. v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184 (Fed. Cl. Spec. Mstr. Nov. 27, 2018); *Otto v. Sec'y of Health & Human Servs.*, No. 16-1144V, 2018 WL 5782873 (Fed. Cl. Spec. Mstr. Oct. 5, 2018). Thus, I find Mr. Downing's hourly rates for 2016-2018, as submitted by Petitioner, to be reasonable and will award them as requested.

#### ii. Paralegal rates

VCT's paralegal hourly rates range, listed above, has been previously awarded in *Bales*, and I similarly find it to be reasonable in this case. *Bales*, 2017 WL 2243094, at *4.

#### iii. Summary of Hourly Rates Awarded

In light of the above, the hourly rates to be awarded in this instant application are as follows:

|      | **Mr. Downing** |
|------|-----------------|
| **2016** | $350.00 |
| **2017** | $375.00 |
| **2018** | $385.00 |

Accordingly, Petitioner's requested hourly rates for Mr. Downing and his paralegals are awarded in full.

### C. Reduction of Billable Hours

Based on my review of the billing records submitted with Petitioner's Interim Motion (*see generally* Ex. A), I find that the VCT firm billed hours that I consider "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d at 1521 (Fed. Cir. 1993). For example, the time entries submitted with Petitioner's Interim Motion reflect that the paralegals of VCT billed for performing administrative tasks such as updating internal files, conducting internal communications, processing payments, and electronically filing documents.[4] Moreover, many of the

---

[4] For example, the following billing entries reflect paralegals of VCT billing time for non-compensable

4

billing entries also reflect instances of block billing, wherein the paralegals of VCT billed for multiple tasks in a single entry, thus co-mingling time that is not compensable with time that is compensable.[5] For such entries, it is impossible to determine the precise portion of the time billed that should be compensated. I note that it is counsel's burden to document the fees claimed. *See Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 29, 2009); *see also Broekelschen v. Sec'y of Health & Human Servs*., 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing a petitioner's attorneys' fees award and criticizing counsel in that case for block billing). Indeed, the Vaccine Program's *Guidelines for Practice* state as follows: "[e]ach task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[6]

I additionally find that the billing invoices reveal numerous billing entries reflecting instances of duplicative billing where both paralegals billed time for reviewing the same filing. The billing invoices consistently reflect such duplicate entries where several individuals completed, reviewed, or processed the same notices, documents, or orders.[7] It has been a long-standing practice in the Vaccine Program to reduce attorneys' fees for such similar duplicative billing entries. *See, e.g.*, *Turkupolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2015 WL 393343, at *5 (Fed. Cl. Spec. Mstr. Jan. 9, 2015) (reducing fees and noting a pattern of billing 0.10 attorney hours for review of all filings, regardless of the filing's length or complexity); *Z.H. v. Sec'y of Health & Human Servs.*, No. 16-123V, 2018 WL 1835210, at *3 (Fed. Cl. Spec. Mstr. Mar. 6, 2018) (reducing fees where "[m]ultiple attorneys reviewed the same orders and notifications and all billed time for doing so").

---

administrative tasks such as: (1) "Updat[ing] New Case Intake Form" (billing entries of RWC on 6/27/2016; 7/15/2016; 7/20/2016; 9/13/2016; 10/3/2016; 10/24/2016; 2/21/2017; 6/11/2018); (2) processing payments (billing entries of DPA from 7/20/2016; 7/21/2016; 8/8/2016; 8/29/2016; 9/16/2016; 9/22/2016; 10/24/2016; 12/1/2016; 2/21/2017); (3) internal communications (billing entries of RWC on 10/28/2016; 1/12/2017; 1/24/2017; 1/30/2017)(billing entries of DPA on 8/17/2016; 8/29/2016; 9/13/2016); (4) mailing (billing entries for DPA on 3/8/2017; 10/20/2017; 10/31/2017). *See* Ex. A at 1-28.

The billing entries mentioned above are examples and are not exhaustive; they provide a mere sampling of the many non-compensable administrative tasks billed by VCT paralegals.

[5] *See generally* Ex. A at 1-28, which includes the billing entries cited at footnote 4, above, collectively reflecting VCT paralegals block billing for compensable tasks with non-compensable tasks.

[6] *Guidelines for Practice Under the National Vaccine Injury Compensation Program* ("*Guidelines for Practice*") at 67 (revised Nov. 5, 2018) found at: https://www.uscfc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf (last visited on March 27, 2018).

[7] The following billing entries reflect duplicative billing practices of VCT paralegals: billing entries of DPA on 9/14/2016, 9/15/2016, 9/30/2016, 10/14/2016, 12/27/2016, 1/26/2017. *See* Ex. A at 1-28.

The billing entries mentioned above are examples and are not exhaustive; they provide a mere sampling of the numerous duplicative tasks billed by the paralegals and, in some instances, Mr. Downing.

Furthermore, I find that the billing invoices for Ms. Avery and Mr. Cain contain numerous instances of excessive billing for receiving or reviewing filings or records. Ex. A at 17-32. I do not find the standard 0.2 hours billed by Ms. Avery to be a reasonable assessment of the time required to conduct many of these tasks, such as receiving and reviewing Court notifications, ECF filings, Notice of Reassignments, etc. *Id.* Accordingly, I find Ms. Avery's invoice of hours spent performing paralegal duties to be excessively inflated. I also find that the time spent by Mr. Cain on reviewing medical records was excessive.[8]

Therefore, for the reasons outlined above, I will reduce the total award of Petitioner's requested attorneys' fees. Since I find that the total hours expended by Mr. Downing were reasonable, with only a few exceptions of excessive or duplicative billing, I will reduce the fees incurred through Mr. Downing's work by 5%. I will, however, reduce the requested fees for the work performed by VCT's two paralegals by 20%. This results in a reduction of Petitioner's Vaccine Act attorneys' fees award by **$3,026.40**.[9]

Therefore, Petitioner is awarded attorneys' fees in the amount of **$22,571.10**.[10]

### IV.   Reasonable Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding such costs. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[8] The following billing entries reflect the excessive time spent reviewing medical records: billing entries of RWC on 8/15/2016, 8/30/2016, 9/12016, 10/18/2017. *See* Ex. A at 1-28. I note that several of these records were reviewed multiple times and by multiple members of the firm.

[9]
| | | |
|---|---|---|
| Mr. Downing's fees requested | = | $13,954.00 |
| **Percentage of reduction (5%)** | = | 0.05 |
| **5% reduction amount** | = | **$697.70** |
| | | |
| Paralegal fees requested | = | $11,643.50 |
| **Percentage of reduction (20%)** | = | 0.20 |
| **20% reduction amount** | = | **$2,328.7** |
| | | |
| Reduction of Mr. Downing's fees | = | $697.70 |
| Reduction of Paralegal fees | = | $2,328.70 |
| **Reduction amount** | = | **$3,026.40** |

[10]
| | | |
|---|---|---|
| Attorneys' fees requested | = | $25,597.50 |
| Reduction | = | ($3,026.40) |
| **Total awarded Vaccine Act attorneys' fees** | = | **$22,571.10** |

Petitioner requests $17,758.22 in attorneys' costs. Ex. A at 34, ECF No. 34-1. The requested costs herein can be sorted into two different categories: (1) expert costs and (2) miscellaneous case costs, to include costs for filing fees, obtaining medical records, and mailing costs.

### A. Expert costs for Petitioner's expert, Dr. Laura S. Boylan

#### i. Expert Hourly Rate

Petitioner requests costs for the work performed by Dr. Boylan as an expert in this case. Dr. Boylan billed at a rate of $600 per hour for a total of $16,050.00. *See* Ex. 34, ECF No. 37. In examining those billing entries and taking into account Dr. Boylan's qualifications, expertise in applicable fields of study, and level of experience in the Program, I find Dr. Boylan's requested rate to be higher than the usual rates awarded to new experts in the program. In fact, even experts with significant experience in the Program are not awarded hourly rates higher than $500 per hour. Dr. Boylan's rate of $600 per hour has been previously deemed too high by Special Master Corcoran. *See Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, 2018 WL 1835104 (Fed. Cl. Spec. Mstr. February 16, 2018). In *Schultz*, Special Master Corcoran reduced Dr. Boylan's hourly rate to $500 per hour, the rate awarded to other experts in the program with comparable experience. *Id.*[11] Accordingly, I will award Dr. Boylan an hourly rate of $500.

#### ii. Time Expended by Expert

Petitioner submitted two invoices detailing the work Dr. Boylan performed in this case. The first invoice includes the work Dr. Boylan performed for the initial expert report, totaling 24.25 hours. Ex. 34 at 2, ECF No. 37. The second invoice presumably reflects additional work Dr. Boylan completed for either her original or a supplemental expert report, totaling 2.5 hours. *Id.* at 4. Combined, Dr. Boylan's time spent on Petitioner's case, as invoiced, was 26.75 hours. *Id.*

As articulated by Special Master Moran in *Floyd v. Sec'y of Health & Human Servs.*, a request for expert costs should mirror that of an attorneys' fees, and experts should submit invoices that detail with particularity the amount of time spent on each task. *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). A failure to do so may result in a reduction of hours awarded. Dr. Boylan's first invoice fails to include detailed entries illustrating the type of task completed and the time expended on each task. Dr. Boylan spent 8.25 hours reviewing medical records, 7.25 hours conducting literature search, and 8.75 hours preparing her expert report. *Id.* Dr. Boylan's expert report was 14 pages in length. Ex 16, ECF No. 23. No additional information is provided, however, to assist in determining whether the time spent on each task was reasonable. While I strongly suggest that Dr. Boylan provide more detailed invoices of her work performed in any future cases in this Program, I find that her overall time billed in the initial

---

[11] In arriving at this determination, Special Master Corcoran considered the lack of experience Dr. Boylan had in the Program but noted her comparable experience in her field of study to other new experts, such as Dr. Norman Latov. *Schultz*, 2018 WL 1835104. As such, Special Master Corcoran, awarded Dr. Boylan at the same rate as he did Dr. Latov in *Stepp v. Sec'y of Health & Human Servs.*, No. 14-851V, 2018 WL 793426 (Fed. Cl. Spec. Mstr. Jan. 2, 2018).

invoice to be reasonable. Therefore, I award Dr. Boylan the full 24.25 hours billed in the first invoice.

Due to the ambiguous nature of her invoicing, however, it is impossible to determine the purpose of Dr. Boylan's tasks listed in the second invoice. It is unclear why Dr. Boylan invoiced for an additional 2.5 hours immediately following the initial invoice. While seemingly it bills for work completed on November 13, 2017, the initial invoice was issued on that date and the entry for time spent researching already includes research conducted on November 13, 2017. As such, I find Dr. Boylan's second invoice unreasonable and will not award the 2.5 hours requested.

Accordingly, I reduce the hours awarded for Dr. Boylan's expert report by 2.5, to 24.25 hours. I award Petitioner a total of **$12,125.00** in expert costs.[12]

### B. Miscellaneous case costs

I have reviewed all other costs totaling $1,708.22 incurred by the VCT firm, including costs for obtaining medical records, filing fees, and mailing costs. *See* Ex. A at 28-34. I find most of those expenses to be reasonable. However, the firm has also included charges for incoming and outgoing faxes. Special Master Moran articulated in *Bourche,* to Mr. Downing and VCT in fact, that "the operation of a fax machine is part of a law firm's general overhead and, therefore, separate costs should not be charged." *See Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 (Fed. Cl. Spec. Mstr. May 11, 2017); *See also Muccala v. Sec'y of Health and Human Servs.*, No. 17-548V, 2018 WL 5024014 (Fed. Cl. Spec. Mstr. Jul. 27, 2018). I agree that billing for the use of fax is not appropriate, especially since other less expensive methods of correspondence are available. Therefore, I reduce the fees incurred by **$115.00**.

### C. Summary of Attorneys' Costs Awarded

Based upon the above analysis, calculating the reductions for attorneys' costs results in the following adjustments:

| | | |
|---|---|---|
| **Attorneys' costs requested**: | = | $17,758.22 |
| Reductions for Dr. Boylan's expert costs: | = | ($3,925.00) |
| Reduction for fax usage | = | ($115.00) |
| **Total Attorneys' costs awarded**: | | **$13,718.22** |

### V. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, **I GRANT IN PART** Petitioner's Interim Motion,

---

[12]
| | | |
|---|---|---|
| Total hours invoiced | = | 26.75 hours |
| Reduction of hours | = | 2.5 |
| **Total Hours Awarded** | = | **24.25 hours** |
| | | |
| Total hours awarded | = | 24.25 hours |
| Hourly rate awarded | = | $500/hour |
| **Total Expert Costs Awarded** | = | **$12,125.00** |

as follows:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---|---|---|
| Attorneys' Fees | $25,597.50 | $3,026.40 | $22,571.10 |
| Litigation Costs | $17,758.22 | $4,040.00 | $13,718.22 |
|  |  | **Grand Total:** | **$36,289.32** |

I therefore award a total of **$36,289.32** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel of record, Mr. Andrew D. Downing, Esq., representing attorneys' fees in the amount of $22,571.10, plus costs in the amount of $13,718.22.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[13]

**IT IS SO ORDERED.**

/s/ **Katherine E. Oler**
Katherine E. Oler
Special Master

---

[13] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.