# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-259V**

| | | |
|---|---|---|
| HEATHER GOFF, Petitioner, | * | Special Master Jennifer A. Shah |
| v. | * | Filed: June 22, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Courtney Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.
*Michael Bliley*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 23, 2017, Heather Goff ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("the Vaccine Program"). ECF No. 1 ("Pet."). The Petition alleged that Petitioner suffered from suffered a severe adverse reaction, including an ischemic stroke, from the influenza ("flu") vaccination she received on March 22, 2016. *Id.* at 1, 3.

On January 13, 2025, I issued a decision denying entitlement and dismissing the petition. ECF No. 83. Petitioner filed a motion for review with the U.S. Court of Federal Claims on

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

February 11, 2025. ECF No. 86. After briefing and oral argument, Judge Edward Meyers denied Petitioner's motion for review. ECF No. 94.

On December 10, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 102 ("Fees App."). Petitioner requests a total of $21,943.00 for attorneys' fees and costs. *Id.* at 11. Petitioner affirmed that she did not incur any personal costs. Ex. 45. Respondent responded to the motion on December 18, 2025, stating: "Respondent defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." ECF No. 104 ("Fees Resp.") at 2. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I. Legal Standards

Section 15(e)(1) of the Vaccine Act permits a special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act; furthermore, even if they are unsuccessful, they are eligible for such an award so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

If a petitioner is eligible for an award of fees and costs, it is "well within the special master's discretion" to determine the reasonableness of such fees and costs. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

Reasonable hourly rates for attorneys' fees are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of proving that the requested hourly rate is reasonable. *Id.*

### A. Good Faith

The good faith requirement is assessed through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). The requirement "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the

good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

**B. Reasonable Basis**

Unlike the good faith inquiry, a reasonable basis analysis requires more than just evaluating a petitioner's belief in her claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). "[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).

Although the Vaccine Act does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286; *see* 42 U.S.C. § 300aa-13(a)(1) (special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion"). The *Chuisano* Court agreed that a petition that relied only on temporal proximity and a petitioner's affidavit did not have a reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

The Federal Circuit has clarified that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

When determining if a reasonable basis exists, a special master may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs*., 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Good Faith and Reasonable Basis

Respondent did not raise any specific objections regarding good faith and reasonable basis. *See* Fees Resp. at 2 (deferring to me as to "whether the statutory requirements for an award of attorneys' fees and costs are met in this case"). On July 14, 2025, I issued a decision awarding interim attorney's fees and costs. ECF No. 97. I found that the petition was "filed in good faith and with a reasonable basis." *Id*. at 3. In the proceedings since the interim fees request, Petitioner has not lost good faith or reasonable basis. I conclude this case was brought in good faith and maintained a reasonable basis.

### B. Attorneys' Fees

Petitioner requests a total of $21,934.30 in attorneys' fees. Fees App. at 11; Ex. 43 at 9.

1. Reasonable Hourly Rate

As noted, a reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 895 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[3]

Petitioner requests compensation for Ms. Courtney Jorgenson, counsel, at an hourly rate of $400.00 for work performed in 2025. Ex. 43 at 9. Petitioner also requests compensation for other attorneys at the Siri & Glimstad law firm for work done in 2025: for Ms. Alison Haskins, an hourly rate of $525.00; for Mr. Ramon Rodriguez III, an hourly rate of $563.00; and for paralegals, an hourly rate of $195.00. *See id.*

These hourly rates are consistent with what Ms. Jorgenson and her firm have previously been awarded. *See Massie v. Sec'y of Health & Hum. Servs.*, No. 24-662V, 2026 WL 459222, at *3-4 (Fed. Cl. Spec. Mstr. Jan. 20, 2026); *Legault v. Sec'y of Health & Hum. Servs.*, No. 21-2343V, 2026 WL 459183, at *3 (Fed. Cl. Spec. Mstr. Jan 14, 2026). I see no reason to disturb the rates requested by Ms. Jorgenson and her colleagues, with the exception of Mr. Rodriguez. In *Massie*, it was noted that Mr. Rodriguez practices in Richmond, Virginia, not New York City; Richmond

[3] The 2015-2026 Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

is not "in forum." *See Massie,* 2026 WL 459222, at *4. Chief Special Master Corcoran reduced Mr. Rodriguez's 2025 hourly rate to $547.00, and I see no reason to deviate from that determination. *Id.* The reduction of Mr. Rodriguez's hourly rate results in a deduction of $9.60.[4]

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). Ultimately, however, it is "well within the [s]pecial [m]aster's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. Such a reduction may be made *sua sponte*, even in the absence of enumerated objections from Respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin*, 85 Fed. Cl. at 318.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen*, 102 Fed. Cl. at 729. Instead, the special master may make a global reduction to the total amount of fees requested. *See Hines*, 22 Cl. Ct. at 753 ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The overall hours spent on this matter appear to be largely reasonable. Accordingly, I award Petitioner a total of **$21,924.70** in attorneys' fees.

### C. Reasonable Costs

Petitioner requests a total of $8.70 in attorneys' costs, consisting of PACER charges. Ex. 43 at 9. As these are normal litigation expenses, I will grant these costs in full. I award Petitioner a total of **$8.70** in attorneys' costs.

## III. Conclusion

Accordingly, I **GRANT IN PART** Petitioner's application and award the following:

---

[4] ($563.00 x 0.6hr) – ($547.00 x 0.6hr) = $9.60.

- Petitioner is awarded attorneys' fees and costs in the total amount of **$21,933.40**, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.